**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Criminal No: 1:12-CR-00255-LO-11 |
| | ) | Trial: December 4, 2012 |
| **DOMINGO GOMEZ-RIVERA** | ) | Judge: Liam O-Grady |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**UNOPPOSED MOTION REQUESTING A COMPREHENSIVE**
**FORENSIC SCREENING OF DEFENDANT TO DETERMINE**
**IF DEFENDANT IS COMPETENT TO STAND TRIAL**
**WITH MEMORANDUM OF POINTS AND AUTHORITIES**

**COMES NOW**, Defendant, **DOMINGO GOMEZ-RIVERA**, by and through, John O. Iweanoge, II and THE IWEANOGES FIRM, P.C., his attorneys and respectfully requests pursuant to 18 U.S.C §§ 4241(a)(b), 4247(b)that a comprehensive forensic screening of defendant be conducted to determine his competency to assist counsel and stand trial and states the following in support thereto:

1. Defendant was arrested pursuant to an arrest warrant and presented to this Court on October 10, 2012.

2. Defendant was subsequently arraigned on an Indictment before this Honorable Court on October 12, 2012.

3. Defendant was detained without bond by Magistrate Judge Anderson following a detention hearing in this case on October 12, 2012.

4. That in the course of representation, counsel has become aware that Defendant suffers from mental disease and/or defect.

5. That defendant's counsel has concerns that the defendant, Mr. Gomez-Rivera does not competently comprehend the procedures surrounding his case.

6. That defendants counsel is further concerned that the defendant, Mr. Gomez-Rivera has not been able to competently assist in his defense.

7. That defendants counsel upon information and belief knows that defendant, Mr. Gomez-Rivera has a lot of health related problems including but not limited to physical health, and mental health, and reasonable cause exists that he may incompetent.

8. That defendant's rights and the ends of justice requires that a comprehensive forensic screening of defendant, Mr. Gomez-Rivera is ordered FORTHWITH at the FCI, Butner, NC to determine whether he is competent to assist counsel and stand trial.

9. That defendant, Mr. Gomez-Rivera through counsel advised the United States through Scott Nussbum, AUSA and Sean Tonolli, AUSA about the need for the comprehensive screening herein requested and they do not oppose this request, which may postpone his trial in the interest of Justice.

**WHEREFORE**, Defendant, **DOMINGO GOMEZ-RIVERA**, by and through counsel, respectfully requests that this motion requesting a comprehensive forensic screening be granted in the interest of Justice and Judicial economy.

Respectfully submitted,

THE IWEANOGES FIRM, P.C.

Domingo Gomez-Rivera
Defendant by Counsel

By: _____/S/_____
   John O. Iweanoge, II
   IWEANOGE LAW CENTER
   1026 Monroe Street, NE
   Washington, DC 20017
   Phone:  (202) 347-7026
   Fax:     (202) 347-7108
   Email:  joi@iweanogesfirm.com
   Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | Criminal No: 1:12-CR-00255-LO-11 |
| ) | Trial: December 4, 2012 |
| **DOMINGO GOMEZ-RIVERA** ) | Judge: Liam O-Grady |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

1. LCrR 47.1

2. F.R.C.P. Rule 47

3. The defendant's history contains sufficient information to satisfy the federal statutory Prerequisite that "reasonable cause" exists to believe the defendant is incompetent to stand trial. *See* 18 U.S.C. §§ 4241(a)(b), 4247(b).

4. The criminal trial of an incompetent defendant violates due process. *Medica v. California*, 505 U.S. 437 (1992); *Drope v. Missouri*, 420 U.S. 162, 171-72 (1975); *Pate v. Robinson*, 383 U.S. 375, 378 (1966).

5. Unless a defendant is competent, the State cannot put him on trial. Competence to stand trial is rudimentary…including the right to effective assistance of counsel…and the right to testify on ones own behalf or to remain silent without penalty for doing so. *Riggins v. Nevada*, 504 U.S. 127, 134 (1992)(citing *Drope*, 420 U.S. at 171-172).

6. The legal standard for assessing competence to stand trial is also well established. Throughout the trial process, the client must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and] a rational as well as factual understanding of the proceedings against him". *Dusky v. United States*;

362 U.S. 402 (1960). It is not enough that the client is "oriented to time and place and (has) some recollection of events."*Id*.

7. Defense counsels own observations of the client may be critical in establishing a genuine issue of competence. Counsel's first-hand evaluation maybe just as valuable as expert psychiatric opinion. *United States v. David*, 167 U.S. App. D.C. 117, 122; 511 F. 2d 355, 360 (1975).

8. A person may be incompetent to stand trial even absent a mental disease or defect as defined by the American Psychiatric Association <u>Diagnostic and Statistical Manual of Mental Disorders</u> (4th ed. 1994).(DSM-IV).

9. The record herein.

 

Respectfully submitted,

THE IWEANOGES FIRM, P.C.

Domingo Gomez-Rivera
Defendant by Counsel

By: _____/S/_____
    John O. Iweanoge, II
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone: (202) 347-7026
    Fax: (202) 347-7108
    Email: joi@iweanogesfirm.com
    Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of November, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Scott Nussbum, AUSA
Sean P. Tonolli, AUSA
United States Attorneys' Office
for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

Dated: 7th day of November, 2012. _____/S/_____
                                          Of Counsel to Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Criminal No: 1:12-CR-00255-LO-11 |
| | ) | Trial: December 4, 2012 |
| DOMINGO GOMEZ-RIVERA | ) | Judge: Liam O'Grady |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Upon consideration of the defendant, DOMINGO GOMEZ-RIVERA's, motion for a hearing to determine his mental competency to stand trial, on the basis that he is unable to assist properly in his defense, and it

APPEARING TO THE COURT that there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense; and it further

APPEARING TO THE COURT that the trial of this matter should be continued pending the results of the hearing to determine the defendant's mental competency to stand trial; it is

ORDERED that pursuant to 18 U.S.C. § 4241 a psychiatric or psychological examination of the defendant be conducted and that a report of that examination be filed with the Court, and that thereafter the Court shall hold a hearing to determine the defendant's mental competency to stand trial; and it is further

ORDERED that the trial of this matter should be and is CONTINUED pending the results of the hearing to determine the defendant's mental competency to stand trial.

ENTERED this _____ day of _____, 2012.

_____
Liam O'Grady, U.S. District Court Judge